**Judith ROBINSON et al.,**

v.

**THE MAY DEPARTMENT STORES COMPANY.**

No. 01–CV–1807.

United States District Court, E.D. Pennsylvania.

Feb. 12, 2003.

Jonathan Wheeler, Jonathan Wheeler, P.C., Philadelphia, PA, for Plaintiff.

Michael J. Dunn, Robert E. Smith, Elizabeth A. Dalberth, Murphy & O'Connor, Philadelphia, PA, for Defendant.

## EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

The defendant moves for summary judgment with respect to plaintiff Judith Robinson's claims on behalf of her daughter Sara Thal of intentional infliction for emotional distress, negligent infliction of emotional distress and negligence. The plaintiff fails to designate any specific facts outside of the pleadings demonstrating that there is a genuine issue for trial on these claims. Because the defendant is entitled to judgment as a matter of law, the defendant's summary judgment motion will be granted.

### A. Factual Background

The plaintiff Judith Robinson ("Robinson") alleges that on or about May 5, 1999, at about 3:00 p.m. she entered the Lord & Taylor store in the King of Prussia Mall in King of Prussia, Pennsylvania, to return four swimsuits and a pullover previously purchased from another Lord & Taylor location. Sara Thal ("Sara") and Jennifer Thal ("Jennifer"), Robinson's daughters, accompanied Robinson into the store.[1] Lord & Taylor is owned by the defendant May Department Stores Co. After entering the store, Robinson selected about ten items, including some shirts and a pair of sweatpants, to determine whether they would fit better than her previously purchased items.

After selecting the items, Robinson entered the restroom to change Sara's diaper and assist Jennifer to the toilet. While in the restroom, Robinson tried on some of the items she selected for purchase. After trying on the clothing, Robinson exited the restroom and placed the clothes on a sales rack in the store. Robinson exited the store into the mall with Sara and Jennifer.

When Robinson was about thirty yards from the exit of the store, a Lord & Taylor security officer, later identified as Sean Dallesandro ("Dallesandro"), allegedly grabbed her left arm, swung her around and said, "Come with me. You took from my store." Dallesandro allegedly did not identify himself as a security officer and, without Robinson's permission, took her shopping bag, removed all of its items, and told Robinson, "These are mine." Dallesandro then allegedly forced Robinson to the floor, placed her in handcuffs, and dragged her through the mall and back into Lord & Taylor. The handcuffs were extremely tight and caused Robinson "excruciating pain." As Dallesandro dragged Robinson into the store, Jennifer and Sara began to cry, and Jennifer said, "Let my mommy go."

After dragging Robinson back into Lord & Taylor, Dallesandro took her to a small room where she was placed in the custody of two other employees of Lord & Taylor, Melanie Hoffman ("Hoffman") and Dan Pearee ("Pearee"). Dallesandro, Hoffman, and Pearee (collectively "the Lord & Taylor employees") handcuffed Robinson to a chair and searched her personal effects. Robinson also alleges that she endured emotional abuse because the Lord & Taylor employees laughed at her and told her that she was a "sick woman." The Lord & Taylor employees also refused her requests to see her children or tell her where her children were. Finally, they refused Robinson's request for medical treatment. After two hours, Robinson was transported to the Upper Merion Town-

---

1. At the time, Sara was one and a half years old and Jennifer was three and a half years old.

ship Police Department where she was charged with retail theft.[2]

Robinson alleges that after Dallesandro dragged her back into the store, Jennifer and Sara were abandoned in the mall. Sara and Jennifer apparently wandered into the Oilily's Children's Store and the Neiman Marcus Department Store where they were taken care of by the employees of those stores.

As her parent and natural guardian, Robinson states claims on behalf of Sara Thal for intentional infliction of emotional distress (Count VIII), negligent infliction of emotional distress (Count IX), and negligence (Count X).[3] The defendant moves for summary judgment on each of these claims.

## B. Jurisdiction

Jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332.

## C. Legal Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The trial court should determine whether there are issues with regard to material facts that warrant a trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, the court must consider the underlying facts in the light most favorable to the nonmoving party (here the plaintiff), giving that party the benefit of all reason-

able inferences that might be drawn from those same facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Sempier v. Johnson and Higgins*, 45 F.3d 724, 727 (3d Cir.1995) (*en banc*). It is appropriate to grant summary judgment if the court finds that the record "could not lead a rational trier of fact to find for the nonmoving party, [and] there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (citation omitted).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party must then "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548.

All relevant events alleged in the complaint occurred in Pennsylvania. Accordingly, Pennsylvania law applies in deciding the defendant's motion for summary judgment.

## D. Discussion

### 1. Intentional Infliction of Emotional Distress

 The defendant first moves for summary judgment regarding Robinson's

---

**2.** Allegedly due to the physical and emotional consequences resulting from this treatment by the employees of Lord & Taylor, Robinson could not stand trial on the theft charges, and therefore she accepted an ARD disposition.

**3.** Robinson raises identical claims against the defendants on behalf of Jennifer Thal, but these claims are not at issue here.

claim of intentional infliction of emotional distress on behalf of Sara. The Pennsylvania Supreme Court has never expressly recognized the tort of intentional infliction of emotional distress, but the Pennsylvania Superior Court has held that such a claim will lie where "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Wilder v. United States*, 230 F.Supp.2d 648, 2002 WL 31496349, (2002) (citing *Atamian v. Assadzadeh*, Civ. A. No. 00–3182, 2002 WL 538977 (E.D.Pa. April 9, 2002), 2002 U.S. Dist. LEXIS 6269 (quoting *Hunger v. Grand Cent. Sanitation*, 447 Pa.Super. 575, 670 A.2d 173, 177 (1996) and Restatement (Second) of Torts, § 46)). "Extreme and outrageous" conduct is "conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Atamian*, 2002 WL 538977 at *5. Generally, the case must be one with respect to which "the recitation of facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' " *Id.* (citing *Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988, 994–95 (Pa.1987)). A plaintiff must also establish physical injury or harm. *See id.* Finally, in order to recover on a claim of intentional infliction of emotional distress, the plaintiff must prove the existence of the alleged emotional distress by "competent medical evidence." *Id.* (holding that the plaintiff's recovery was barred by their failure to present competent medical evidence of their alleged emotional distress).[4]

The plaintiff concedes that there is no medical evidence to support the existence of a physical or emotional injury to Sara.[5] The plaintiff presents no evidence beyond the allegations of her complaint which even suggest emotional injury to Sara. Thus, the plaintiff fails to sustain her burden of designating specific facts which demonstrate that there is a genuine issue for trial with respect to her claim of intentional infliction of emotional distress on behalf of Sara. The defendant is entitled to judgment as a matter of law on Robinson's claim of intentional infliction of emotional distress on behalf of Sara, and therefore the defendant's motion for summary judgment will be granted.

### 2. Negligent Infliction of Emotional Distress

■■■■ To establish a claim of negligent infliction of emotional distress under Pennsylvania law, a plaintiff must prove that: (1) he or she was near the scene of an accident or negligent act; (2) shock or distress resulted from a direct emotional impact caused by the sensory or contemporaneous observance of the accident, as opposed to learning of the accident from others after its occurrence; and (3) he or she is closely related to the injured victim. *Smith v. School Dist. of Philadelphia*, 112

---

**4.** The Supreme Court of Pennsylvania stated that "[g]iven the advanced state of medical science, it is unwise and unnecessary to permit recovery to be predicated on an inference based on the defendant's 'outrageousness' without expert medical confirmation that the plaintiff actually suffered the claimed distress." *Kazatsky*, 527 A.2d at 995. This requirement is meant to ensure that claims for emotional distress rest on some "objective proof." *Id.*

**5.** Plaintiff's Response to Defendant's Motion for Summary Judgment at 1. The defendant, the moving party, submitted copies of Sara's pediatric file which was prepared by Dr. Madelaine Weiser. Nothing in Sara's pediatric file supports the plaintiff's claim that Sara suffers from emotional distress.

F.Supp.2d 417, 428 (E.D.Pa.2000) (citing *Sinn v. Burd,* 486 Pa. 146, 170–71, 404 A.2d 672, 685 (1979); *Frempong–Atuahene v. Redevelopment Auth. of Phila.,* 1999 WL 167726, *7 (E.D.Pa.1999)). Manifestation of physical injury is necessary to sustain a claim for negligent infliction of emotional distress. *See Redland Soccer Club, Inc. v. Department of the Army of the United States,* 55 F.3d 827, 848 (3d Cir. 1995); *Smith* 112 F.Supp.2d at 428–29; *Sonlin v. Abington Memorial Hospital,* 2000 Pa.Super. 44, 748 A.2d 213, 217 (Pa.Super.2000); *Armstrong v. Paoli Memorial Hospital,* 430 Pa.Super. 36, 44–45, 633 A.2d 605, 609 (Pa.Super.1993) (stating that "[t]emporary fright, nervous shock, nausea, grief, rage, and humiliation if transitory are not compensable injuries; but, long continued nausea or headaches, repeated hysterical attacks or mental aberration are compensable injuries"). Also, the plaintiff is not required to present competent medical evidence to establish a claim for negligent infliction of emotional distress. *See id.*

Sara Thal is "closely related" to the injured victim, her mother Judith Robinson. Sara was also nearby when the employees of Lord & Taylor allegedly assaulted and negligently dragged her mother back into the store. But, the plaintiff fails to designate any evidence beyond the pleadings that Sara suffered emotional distress as a result of observing this event, and thus she has not demonstrated that there is a genuine issue for trial.[6] The plaintiff alleges that when Dallesandro dragged Robinson out of the mall and back into the store, Sara began to cry. This sort of injury is "temporary," and thus not compensable. *See Armstrong,* 633 A.2d at 609. Because the

defendant is entitled to judgment as a matter of law on the plaintiff's claim of negligent infliction of emotional distress on behalf of Sara, the defendant's motion for summary judgment will be granted.

### 3. Negligence

 Under Pennsylvania law, a negligence claim consists of four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the required standard; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. *See Rabutino v. Freedom State Realty Co., Inc.,* 2002 Pa.Super. 318, 809 A.2d 933, 938 (Pa.Super.2002); *Kleinknecht v. Gettysburg College,* 989 F.2d 1360, 1366 (3d Cir.1993).

Even assuming that the conduct of the defendant's employees failed to conform to required standards of conduct, the plaintiff presents no medical or other evidence outside of the pleadings that Sara suffered any harm or damage as a result of witnessing the events involving her mother. In her response, the plaintiff does not contest the defendant's motion for summary judgment on the negligence claim on behalf of Sara, let alone designate specific facts outside of the pleadings demonstrating a genuine issue for trial. Because the defendant is entitled to judgment as a matter of law on the plaintiff's claim of negligence on behalf of Sara, the defendant's motion for summary judgment will be granted.

### ORDER

AND NOW, this 12th day of February 2003, the defendant's motion for summary

---

**6.** The parties do not raise the issue, nor have I found any Pennsylvania cases which suggest that the simple observation of an accident or negligent act by an infant, in the absence of

any medical or other evidence of emotional distress outside of the pleadings, is sufficient to satisfy the plaintiff's burden of proving emotional shock or distress.

judgment (Docket Entry # 31) is **GRANTED** and the plaintiff's claims for intentional infliction of emotional distress (Count VIII), negligent infliction of emotional distress (Count IX), and negligence (Count X) on behalf of her daughter Sara Thal are **DISMISSED WITH PREJUDICE.**